| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |
|---|---|

| | | |
|---|---|---|
| MARIO VALDIVIA, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. <u>7:20-cv-00171</u> |
| ANGUS PROVING SERVICES, LLC; ANGUS MEASUREMENT SERVICES, LP and ROBERT TONKIN, | § § § § | |
| *Defendant(s)*. | § § § | |

## PLAINTIFF MARIO VALDIVIA'S ORIGINAL COMPLAINT

Plaintiff Mario Valdivia (referred to as "Valdivia") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Angus Proving Services, LLC (referred to as "Angus Proving") and Defendant Angus Measurement Services, LP (referred to as "Angus Measurement") and Defendant Robert Tonkin (referred to as "Tonkin") who were paid on a job-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1.     Valdivia's claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     Angus Proving, Angus Measurement and Tonkin violated the FLSA by employing Valdivia and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     Angus Proving, Angus Measurement and Tonkin willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.     Valdivia brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Angus Proving, Angus Measurement and Tonkin who were paid on a job-rate basis without overtime during the past three years.

## II.  Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Valdivia's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III.  Parties

9.     Valdivia is an individual who resides in Ector County, Texas and who was employed by Angus Proving, Angus Measurement and Tonkin during the last three years.

10.     Angus Proving is a Texas limited liability company that may be served with process by serving its registered agent:

Bob Tonkin
3800 Northwest Loop 338
Odessa, Texas 79764-3123

Alternatively, if the registered agent of Angus Proving cannot with reasonable diligence be found at the company's registered office, Angus Proving may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Angus Measurement is a Texas limited partnership that may be served with process by serving its registered agent:

> Robert G. Tonkin, V
> 1533 Westbrook Avenue
> Odessa, Texas 79761-1837

Alternatively, if the registered agent of Angus Measurement cannot with reasonable diligence be found at the company's registered office, Angus Measurement may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

12.     Tonkin is an individual who resides in Ector County, Texas and who may be served with process at:

> 1533 Westbrook Avenue
> Odessa, Texas 79761-1837

or wherever he may be found. Alternatively, Tonkin may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

13.     An allegation that Angus Proving or Angus Measurement committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization,

ratification or approval of Angus Proving or Angus Measurement or was done in the normal course and scope of employment of Angus Proving's or Angus Measurement's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

14.     Angus Proving and Angus Measurement are oilfield services companies.

15.     Angus Proving and Angus Measurement do business in the territorial jurisdiction of this Court.

16.     Angus Proving and Angus Measurement employed Valdivia from 2010 to November 2019.

17.     Angus Proving and Angus Measurement employed Valdivia as a welder.

18.     Tonkin was also Valdivia's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire Angus Proving and Angus Measurement employees, including Valdivia; (2) supervised or controlled Angus Proving and Angus Measurement employee schedules or conditions of employment, including Valdivia's schedule and/or conditions of employment; (3) determined the rate or method of payment for Angus Proving and Angus Measurement employees, including Valdivia; and/or (4) maintained Angus Proving and Angus Measurement employee records, including Valdivia's records.

19.    As a welder, Valdivia was responsible for fabricating and assembling metal structures and equipment.

20.    During Valdivia's employment with Angus Proving and Angus Measurement, he was engaged in commerce or in the productions of goods for commerce.

21.    During Valdivia's employment with Angus Proving and Angus Measurement, the company had employees engaged in commerce or in the production of goods for commerce.

22.    During Valdivia's employment with Angus Proving and Angus Measurement, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23.    During Valdivia's employment with Angus Proving and Angus Measurement, the company had an annual gross volume of sales made or business done of at least $500,000.

24.    Angus Proving and Angus Measurement paid Valdivia on a job-rate basis.

25.    Angus Proving and Angus Measurement paid Valdivia on a biweekly basis by check.

26.    During Valdivia's employment with Angus Proving and Angus Measurement, he regularly worked in excess of forty hours per week.

27.     Angus Proving and Angus Measurement knew or should have known that Valdivia worked in excess of forty hours per week.

28.     Angus Proving and Angus Measurement did not pay Valdivia for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29.     Instead, Angus Proving and Angus Measurement paid Valdivia on a job-rate basis without overtime.

30.     Valdivia was not exempt from the maximum hour requirements of the FLSA.

31.     As a welder, Valdivia's primary duties were nonexempt.

32.     As a welder, Valdivia's primary duties did not include office or nonmanual work.

33.     As a welder, Valdivia's primary duties were not directly related to the management or general business operations of Angus Proving, Angus Measurement or their customers.

34.     As a welder, Valdivia's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

35.     As a welder, Valdivia did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

36.    As a welder, Valdivia was, instead, required to follow Angus Proving's and Angus Measurement's policies, practices and procedures.

37.    As a welder, Valdivia did not have any independent authority to deviate from Angus Proving's and Angus Measurement's policies, practices and procedures.

38.    Angus Proving and Angus Measurement knew or should have known that Valdivia was not exempt from the maximum hour requirements of the FLSA.

39.    Angus Proving and Angus Measurement willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

40.    During Valdivia's employment with Angus Proving and Angus Measurement, the companies did not maintain accurate time and pay records for Valdivia as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

41.    During Valdivia's employment with Angus Proving and Angus Measurement, the companies did not post and keep posted the notice required by 29 C.F.R. § 516.4.

42.    Angus Proving and Angus Measurement continued the pay practice(s) complained of by Valdivia without investigation after being put on notice that the pay practice(s) violated the FLSA.

43.     Angus Proving and Angus Measurement have a history of FLSA violations that put the companies on actual notice of the requirements of the FLSA.

44.     Prior to this lawsuit, Angus Proving and Angus Measurement conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Valdivia.

45.     Because Angus Proving and Angus Measurement willfully violated the FLSA, the company is liable to Valdivia for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

46.     As a result of the FLSA violation(s) described above, Angus Proving and Angus Measurement are liable to Valdivia for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

47.     All workers paid on a job-rate basis without overtime and employed by Angus Proving and/or Angus Measurement during the last three years are similarly situated to Valdivia because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Angus Proving, Angus Measurement and Tonkin under 29 U.S.C. § 216(b).

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

48.     Valdivia adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49.     During Valdivia's employment with Angus Proving and Angus Measurement, he was a nonexempt employee.

50.     As a nonexempt employee, Angus Proving and Angus Measurement were legally obligated to pay Valdivia "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

51.     Angus Proving and Angus Measurement did not pay Valdivia "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

52.     Instead, Angus Proving and Angus Measurement paid Valdivia on a job-rate basis without overtime.

53.     If Angus Proving or Angus Measurement classified Valdivia as exempt from the maximum hour requirements of the FLSA, he was misclassified.

54.     As a result of the FLSA violation(s) described above, Angus Proving, Angus Measurement and Tonkin are liable to Valdivia for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

55.     Valdivia adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56.     Angus Proving and Angus Measurement willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

57.     During Valdivia's employment with Angus Proving and Angus Measurement, the companies did not maintain accurate time and pay records for Valdivia as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

58.     During Valdivia's employment with Angus Proving and Angus Measurement, the companies did not post and keep posted the notice required by 29 C.F.R. § 516.4.

59.     Angus Proving and Angus Measurement continued the pay practice(s) complained of by Valdivia without investigation after being put on notice that the pay practice(s) violated the FLSA.

60.     Angus Proving and Angus Measurement have a history of FLSA violations that put the companies on actual notice of the requirements of the FLSA.

61.     Prior to this lawsuit, Angus Proving and Angus Measurement conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Valdivia.

62.     Because Angus Proving and Angus Measurement willfully violated the FLSA, the companies and Tonkin are liable to Valdivia for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

63.     Valdivia adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64.     On information and belief, other employees of Angus Proving and Angus Measurement have been victimized by the FLSA violation(s) described above.

65.     These employees are similarly situated to Valdivia because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

66.     Angus Proving's and Angus Measurement's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

67.     Since Valdivia's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

68.     For these reasons, Valdivia requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All workers employed by Angus Proving and/or Angus Measurement during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

69.     Angus Proving, Angus Measurement and Tonkin are liable to Valdivia and the putative class members for back wages equal to the difference between what the companies should have paid and what they actually paid.

70.     Valdivia has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

71.     Valdivia adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

72.     Valdivia is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

73.     Valdivia is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

- 13 -

74.     Valdivia has retained the professional services of the undersigned attorneys.

75.     Valdivia has complied with the conditions precedent to recovering attorney's fees and costs.

76.     Valdivia has incurred or may incur attorney's fees and costs in bringing this lawsuit.

77.     The attorney's fees and costs incurred or that may be incurred by Valdivia were or are reasonable and necessary.

78.     Angus Proving, Angus Measurement and Tonkin is are liable to Valdivia and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

79.     Valdivia demands the following relief:

   a.   an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b.   an incentive award for Valdivia for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c.   judgment against Angus Proving, Angus Measurement and Tonkin in Valdivia's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against Angus Proving, Angus Measurement and Tonkin in Valdivia's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
renu@mooreandassociates.net